## Sarah Ann Prieto *et al.*, Plaintiffs in Error, *v.* John Duncan, Defendant in Error.

### ERROR TO LA SALLE.

Where a subpœna in chancery is served upon husband and wife, by leaving a copy for the wife with the husband, at her place of residence, etc., it will be presumed, in the absence of proof to the contrary, that the residence of the parties is identical.

Where a bill to foreclose a mortgage, sets it out, with a copy of the acknowledg-ment, etc., and states that the date of the mortgage, the signing, etc., and " that it was executed as aforesaid," the averments will be sufficient to show that the party complained of executed it.

It is erroneous to decree the payment of money, out of a fund belonging to per-sons not made parties to the suit.

This was a suit in chancery, brought to foreclose a mortgage, executed in favor of Duncan, by William Whaley, in his life-time, to which his wife, now Sarah Ann Prieto, one of the plain-

tiffs in error, was a party. A default was entered against Mrs. Prieto, and a decree taken. The facts are stated in the opinion of the court.

B. C. COOK, and D. L. HOUGH, for Plaintiffs in Error.

J. STRAIN, for Defendant in Error.

WALKER, J. The first assignment of errors questions the sufficiency of the sheriff's return of service on plaintiff in error. His return is this: " Served by reading this sums to Joseph A. Prieto and delivering to him a copy thereof; also left with him a copy of this writ for Sarah Ann Prieto, wife of the said Joseph A. Prieto, at her place of residence, informing him of the contents thereof, said Joseph being a white person above the age of ten years." The objection urged against the sufficiency of this service is, that it fails to state that Joseph A. Prieto is a member of the family of plaintiff in error. The provisions of the statute require that the service shall be by delivering to the defendant a copy of the summons, or by leaving such copy at the usual place of abode of the defendant, with some white person of the family of the age of ten years or upwards, and informing such person of the contents thereof. This service states that a copy was delivered to the husband at her residence, and that he was a white person of the proper age, and that its contents were explained to him. In law, the husband and wife being one person, the legal presumption is that they reside together, and that they are members of the same family; and the presumption will not be indulged, in the absence of all evidence, that they reside apart from each other. But, even if such an intendment could be made, this return states that this copy was left with the husband at her place of residence, and if the return is true, it creates a strong presumption that as he was found at her residence, they were residing together. Until rebutted, this presumption must be acted upon as true. If a departure in the officer's return, from the precise language adopted by the legislature, may be tolerated in any case and the service be held good, we think this is sufficient. We perceive no error in the return, and by it the court acquired jurisdiction of the person of plaintiff in error.

It is likewise urged as a ground of reversal, that the complainant's bill fails to allege that plaintiff in error executed the mortgage. The bills sets out a copy of the mortgage at length, also a copy of. the certificate of the acknowledgment. She purports to have been a party, and her name purports to have been signed to it, and the officer certifies that she acknowledged it,

and the bill contains this allegation : " Which mortgage bearing date the day and year last aforesaid, was executed as aforesaid." How executed as aforesaid ? Why, as set out by copy in the bill. No other inference can be drawn from the language. It appears then, to have been signed, sealed and acknowledged by her. We are at a loss to perceive in what manner an averment could have been more directly and positively made. There is no force in this objection.

It is also insisted that the court erred in decreeing the payment of any balance of this debt, after the sale of the mortgaged premises, out of the estate of William Whaley, deceased. His representatives were not made parties to this proceeding, and it was error to decree the payment of any portion of this debt out of assets in their hands, unless they had been made parties and were properly before the court. It could only be by having them properly before the court, that it could acquire jurisdiction to make a decree affecting that fund. Before such a decree was made, they had a right to be heard and have their rights fully presented.

The decree must therefore be modified, so as only to authorize the sale of the mortgaged premises for the satisfaction of the debt; and reversed in so far as it requires any balance of the sum that may remain unsatisfied after the sale of them, to be paid out of the assets of the estate of William Whaley, deceased. And that each party pay one-half of the costs of this court.

*Decree modified.*